### THEO. WEISS & CO., Inc., v. STUART, KEITH & CO., Inc.

(Court of Appeals of District of Columbia. Submitted January 19, 1925. Decided March 2, 1925.)

No. 1690.

Trade-marks and trade-names and unfair competition ⬅️➡️44—Evidence held insufficient to establish prior use and right of registration of mark "Just Like Dad's."

Evidence showing use of mark "Little Man's Overall Just Like Dad's," in which "Little Man's" were words most prominent, and phrase "Just Like Dad's" nothing more than an accessory, held insufficient to show use of latter phrase, entitling user to finding of priority and right of registration.

Appeal from Commissioner of Patents.

Interference proceeding between Theo. Weiss & Co., Inc., senior party, and Stuart, Keith & Co., Inc., junior party. From a decision of the Patent Office, awarding priority and right of registration to junior party, senior party appeals. Reversed, and priority awarded to senior party.

Cyrus Kehr, of Washington, D. C., for appellant.

W. F. Hall, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a Patent Office decision in a trade-mark interference proceeding in which priority and the right of registration were awarded the junior party, appellee here.

The appellee, in its verified petition for registration, alleged that it had continuously used the mark for which it sought registration since September 7, 1910, and that it had applied the mark "directly to the goods by printing or stamping the same thereon," and also had applied or affixed it to the goods by placing thereon, or on the package containing them, printed labels on which the mark was shown. We here reproduce the sample of the mark filed with the Patent Office:

To substantiate the averments of its petition, the testimony of four witnesses was taken by appellee. The first witness, its president, testified that the corporation manufactured overalls for men and boys, and he thereupon produced a sample of the goods of the latter class. He then testified in part as follows:

"Q. 7. Do you distinguish this garment by any means to designate it as being different from your other line of goods? A. We do.

"Q. 8. How? A. With a ticket and with the wording 'Little Man's Overall Just Like Dad's.'

"Q. 9. Will you produce such a ticket referred to in your last answer? A. We will."

We here reproduce the ticket referred to by this witness, which was marked Exhibit 2:

THE **LITTLE MAN'S** OVERALL JUST LIKE DAD'S

LOT    SIZE

The witness then testified that garments of this style were shipped into various states

of the Union, and that appellee "got up in 1912 the ticket which is now attached to the garment, and which bears the phrase, 'Just Like Dad's.'" He then was asked, "I note, from these records to which you have referred, that reference is made to garments bearing the 'Little Man's Ticket.' Is this the garment referred to?" He replied, "It is," and was asked, "Did these garments bear a ticket similar to that of Exhibit 2?" After he had replied, "They did," he was further asked, "Has the use of this ticket as Exhibit 2 on goods as Exhibit 1 been continuous by Stuart, Keith & Co., Inc., since the date set out in the production of these exhibits?" His response was, "It has." The testimony of the other witnesses did not differ materially from that of the first.

The foregoing testimony falls short of showing such trade-mark use of the "ticket" referred to by the witnesses as is contemplated by the registration statute. Hump Hairpin Co. v. De Long Co., 39 App. D. C. 484. But, even assuming such use, the position of appellee is not bettered, for it has sought the registration of a mark as to which the testimony shows no use whatever. In other words, one mark is claimed, and the use of another shown. The dominating features of the ticket produced clearly are the words "Little Man's Overall" and the representation of a boy or "Little Man." The phrase "Just Like Dad's" is nothing more than accessory, the attempt to register which, upon a showing of the composite mark, is directly in conflict with the ruling of this court in Planten v. Canton Pharmacy Co., 33 App. D. C. 268. In that case we said that a party might not segregate his trade-mark, "and, by registering each of its features separately, thereby prevent the registration by another of any particular part of the mark as actually used," when such registration and use by another would cause no confusion to the trade or prejudice to the first user. We further said: "A firm may have one or a dozen marks, but, owing to the nature and objects of trade-marks, it seldom happens that more than one mark is used by any dealer to designate a particular article. Thus the record shows that Planten has used the registered mark to designate the goods to which the mark of the application is said to apply. In contradiction of the statement in his application, he filed with his application not the mark of the application, but the mark previously registered. The trade-mark act confers the right of registration upon

'the owner of a trade-mark used in commerce with foreign nations, or among the several states, or with Indian tribes,' providing the applicant complies with various requirements stated in the act, and files a verified declaration that the conditions entitling him to the benefit of registration exist. Statutory use of the mark is a prerequisite to the right of registration. * * * In other words, proof of the use of the words 'Planten's C. & C. or Black Capsules,' in a case where those words have been registered as a trade-mark, does not establish the use of the words 'Black Capsules' as a trade-mark, for the words eliminated from the registered mark are, under the prior application, an essential part of that mark."

In Quaker City Flour Mills Co. v. Quaker Oats Co., 43 App. D. C. 260, 263, a somewhat similar situation was presented and the court said: "But the difficulty here is that 'the mark as claimed' has not been used. It is only part of the mark which actually designated the product to which it was applied."

In re Fitzpatrick Bros., 48 App. D. C. 241, is to the same effect, and in Beckwith v. Commr. of Patents, 252 U. S. 538, 545, 40 S. Ct. 414, 417 (64 L. Ed. 705), the Supreme Court said: "The commercial impression of a trade-mark is derived from it as a whole, not from its elements separated and considered in detail. For this reason it should be considered in its entirety. * * *" It follows that appellee was not entitled to an award of priority.

The Patent Office has found, and in that conclusion we concur, that the evidence in behalf of appellant established adoption and use since 1913 of the mark claimed by it, here reproduced:

**JUST LIKE DAD'S**

An ocular examination of Appellee's Exhibit 2 ticket and appellant's mark convinces us that there is no likelihood of confusion from their concurrent use. It results that the decision must be reversed, and priority awarded appellant.

Reversed.