## OSTERMOOR & CO., Inc., v. ROSE SPRING & MATTRESS CO.

(Court of Appeals of Columbia. Submitted March 11, 1925. Decided April 6, 1925. Rehearing Denied April 24, 1925.)

No. 1730.

1. **Trade-marks and trade-names and unfair competition** ⬤₰43—**Trade-mark may not be segregated, and each of its features separately registered, to prevent use of any of such features by another.**

One may not segregate his trade-mark, and, by registering each of its features separately, prevent another's registration of any particular part, when such registration and use by another would cause no confusion in trade or prejudice to first user.

2. **Trade-marks and trade-names and unfair competition** ⬤₰70(1)—**Adoption of suggestive mark does not preclude another's adoption of mark equally suggestive, which is not deceptively similar.**

Adoption of suggestive mark by one trader will not preclude another's adoption of mark equally suggestive, though not deceptively similar.

3. **Trade-marks and trade-names and unfair competition** ⬤₰43—**Marks in use on mattress held not so deceptively similar as to prevent registration of both.**

Trade-mark consisting of mattress opened one-half its length, with woman's head between the sections, large rose near one corner, and label near diagonal corner, *held* not deceptively similar to mark consisting of circle divided into quarters, and having in two quarters thereof representations of a mattress and half figure of a woman, with legend, "Trade Mark Reg. U. S. Pat. Of."

Appeal from Commissioner of Patents.

Proceeding by the Rose Spring & Mattress Company for registration of trade-mark opposed by Ostermoor & Co., Inc. From a decision in favor of the former, the latter appeals. Affirmed.

H. F. Riley, of Washington, D. C., and C. C. Cousins, of New York City, for appellant.

E. W. Bradford, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This is a trademark opposition proceeding, in which the tribunals of the Patent Office accorded the right of registration to the appellee of the following mark, in use since 1912:

For about 20 years appellant has used a composite mark, consisting of a label on which is a circle divided into quarters, two of the quarters containing representations of a mattress and bearing the legend

"Trade Mark Reg. U. S. Pat. Of."

In the other two quarters are similar representations of a mattress with a half figure of a woman and the same legend. Since the filing of the opposition, the two marks first mentioned have been canceled, as purely descriptive. See Int. Bedding Co. v. Ostermoor & Co., 319 O. G. 235. The correctness of this decision is apparent from an ocular inspection of these marks. It well might be questioned whether the two other alleged marks, standing alone, are not subject to the same objection, for the dominating feature of each is a mattress, and the half figure of a woman is so subordinate and incidental as not to be sufficiently distinctive to overcome this objection. See McIlhenny's Son v. Trappey & Sons, 51 App. D. C. 273, 275, 277 F. 615.

[1, 2] In Weiss & Co. v. Stuart, Keith & Co. (Patent Appeal No. 1690) 4 F.(2d) 442, at present term, we reaffirmed a prior ruling in Planten v. Canton Pharmacy Co., 33 App. D. C. 268, to the effect that a party may not segregate his trade-mark, and, by registering each of its features separately, prevent the registration by another of any particular part of the mark as actually used, when such registration and use by another would cause no confusion in the trade or prejudice to the first user. That ruling is applicable here. Appellant's mark obviously should be considered in its entirety, for determination of the question whether concurrent use of the opposing marks would be likely to result in confusion, and, in determining that question, we must give due effect to the rule that the adoption of a suggestive mark by one trader will not preclude all other traders from employing another mark of equal suggestiveness, providing such other mark is not deceptively similar. Bartlett Co. v. Arbuckle Bros., 52 App. D. C. 267, 285 F. 1001.

[3] Tested by this rule, we think it quite apparent that the Patent Office decision was correct. This is not an attempt by one party to register the dominating feature of an adversary's mark, as in Carmel Wine Co. v. Cal. Winery, 38 App. D. C. 1. The decision is affirmed.

Affirmed.