## MACAULAY v. MALT–DIASTASE CO.

(Court of Appeals of District of Columbia.
Submitted March 9, 1925. Decided
April 6, 1925.)

No. 1722.

**I. Trade-marks and trade-names and unfair competition ☞44—Proof of right to register trade-mark may be by oral testimony or documentary evidence.**

Proof in interference proceeding involving right to register trade-mark may be made either by parol testimony or by documentary evidence.

**2. Trade-marks and trade-names and unfair competition ☞44—Oral testimony held sufficient to establish priority in use and ownership of trade-mark.**

Oral testimony held sufficient to establish priority in use and ownership of trade-mark.

**3. Trade-marks and trade-names and unfair competition ☞41—Congress has no power to enact law affecting trade-marks not used in interstate commerce.**

Congress has no power to enact law affecting trade-marks or property rights in marks, except such as are used in interstate commerce.

**4. Trade-marks and trade-names and unfair competition ☞21—Prior use of trade-mark in interstate commerce does not entitle user to registration as against actual owner.**

Prior use of trade-mark in interstate commerce does not entitle such user to registration as against an actual owner, who at time of application has also used mark in interstate commerce and brought himself within provisions of Trade-Mark Act Feb. 20, 1905, § 1 (Comp. St. § 9485).

**5. Trade-marks and trade-names and unfair competition ☞43—Ownership is condition precedent to registration.**

Under Trade-Mark Act Feb. 20, 1905, § 1 (Comp. St. § 9485), ownership of trade-mark is condition precedent to registration, and priority depends on title by prior adoption and use, whether in interstate or intrastate commerce.

Appeal from Commissioner of Patents.

Interference proceeding involving right to registration of trade-mark between John Macaulay and the Malt-Diastase Company. From a decision in favor of the latter, the former appeals. Reversed.

T. K. Bryant, of Washington, D. C., and O. F. Barthel, of Detroit, Mich., for appellant.

Hugo Mock, of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents in a trade-mark interference, involving the right to register the word "Liberty" as a trade-mark for use on malt extract or malt compound, to be employed in the preparation of a beverage.

The Malt Company's testimony discloses that its first use of the mark was on a shipment of goods in interstate commerce March 29, 1919. The testimony of four witnesses, on behalf of appellant, Macaulay, establishes use of the mark in the early part of March, 1919. One witness testified to its use as early as February. Macaulay procured labels displaying the mark in January, 1919. On this evidence, the Examiner awarded registration to Macaulay, the junior party.

[1, 2] The Assistant Commissioner reversed the case solely on the ground that Macaulay had not established his case by documentary proof, and could not, therefore, be awarded priority over the Malt Company. Proof may be established either by oral testimony or by documentary evidence. One is as competent as the other, and if the oral testimony is sufficient to establish proof, documentary evidence is unnecessary, whether such evidence be in the possession of the party or not. In this case we agree with the Examiner that Macaulay has established a prior use of the mark as against the Malt Company.

While Macaulay proved prior ownership, he failed to establish clearly the use of the mark in interstate commerce prior to March 29, 1919. It is therefore contended that, as this is essential to the right to register, he cannot be accorded registration as against the Malt Company. This presents a rather novel question, and one that is not entirely free from difficulty. The confusion arises, we think, from the failure to distinguish between ownership and registration. The ownership of a trade-mark is based solely upon adoption and use, whether it be in interstate commerce, or intrastate commerce, or both. As was said in Trade-Mark Cases, 100 U. S. 82, 92 (25 L. Ed. 550):

"The right to adopt and use a symbol or a device to distinguish the goods or property made or sold by the person whose mark it is, to the exclusion of use by all other persons, has been long recognized by the common law and the chancery courts of England and of this country, and by the statutes of some of the states. It is a property right, for the violation of which damages may be recovered in an action at law, and the con-

tinued violation of it will be enjoined by a court of equity, with compensation for past infringement. This exclusive right was not created by the act of Congress [Act July 8, 1870], and does not now depend upon it for its enforcement. The whole system of trade-mark property and the civil remedies for its protection existed long anterior to that act, and have remained in full force since its passage."

[3] Registration is merely a method of recording, devised by Congress, for the protection of the public and the owners of trade-marks, and Congress can only exercise this authority over trade-marks used on goods sold in interstate commerce. It has not power to enact a registration law that will affect marks, or property rights in marks, used only in intrastate commerce. Trade-Mark Cases, supra.

[4] It thus appears that the distinction between the ownership of a trade-mark, and the right of registration, must not be confused. Assuming that Macaulay had not used his mark in interstate commerce prior to March 29, 1919, the date of such use established by the Malt Company, this brings us to the proposition whether or not the Malt Company could appropriate this mark, and by use in interstate commerce acquire a right to its registration as against Macaulay, the actual owner of the mark.

The property right to the mark being in Macaulay, it is clear, we think, that no such right could be acquired by the Malt Company. There being no ownership of the mark in the Malt Company, it is not in position to interfere in any way with its use by Macaulay; it cannot be damaged by such use; it could not enjoin such use; and upon what logical theory could it be placed in a position to interfere with Macaulay's use through the mere act of registration? The statement of the proposition refutes itself. The Malt Company, not being an owner of the mark, is not entitled, under any theory of the law, to registration. Macaulay, being the owner of the mark, and the record clearly disclosing that prior to his application for registration he had used the mark on goods in interstate commerce, has brought himself clearly within the provisions of the Trade-Mark Act of February 20, 1905, 33 Stat. 724 (Comp. St. § 9485 et seq.).

[5] In section 1 of the Trade-Mark Act it provides that the owner of a mark used in interstate commerce may register such mark. Ownership is a condition precedent to registration, while use in interstate commerce is essential to confer upon Congress constitu-

4 F.(2d)—60

tional jurisdiction over the subject-matter of the act. Trade-Mark Cases, supra. This use, however, may have occurred at any time prior to the filing of the application, regardless of the date of original adoption and use. It follows, therefore, that only the owner of a trade-mark may register it, and that, while the owner must also show that the mark has been used on goods in interstate commerce, such use may be shown to have occurred at any time prior to the application for registration. In such a case the owner, to secure registration of his mark, is not necessarily required to establish prior use over his opponent in interstate commerce. The party trespassing upon the rights of the owner of a trade-mark, and using the mark in interstate commerce, acquires no right thereby to registration. The question of priority depends wholly upon the question of title in the mark by prior adoption and use, whether in interstate or intrastate commerce.

The decision of the Commissioner of Patents is reversed.