**OSTERMOOR & CO., Inc., v. INTERNA-TIONAL BEDDING CO.**

(Court of Appeals of District of Columbia. Submitted January 14, 1927. Decided February 7, 1927. Motion for Rehearing Denied March 18, 1927.)

No. 1921.

1. **Trade-marks and trade-names and unfair competition ⟫21—Applicant for registration of trade-mark under 10-year clause held not to have established required exclusive use (Trade-Mark Act 1905).**

Applicant for registration of mattress trade-mark under 10-year clause of Trade-Mark Act 1905 (33 Stat. 724) *held* not to have established exclusive use of mark during 10-year period prior to passage of that act.

2. **Trade-marks and trade-names and unfair competition ⟫21—Opposer of registration of trade-mark under 10-year clause need not show an interstate use of mark adverse to applicant (Trade-Mark Act 1905).**

One opposing registration of trade-mark under 10-year clause of Trade-Mark Act of 1905 (33 Stat. 724) *held* not required to show interstate use of mark during 10-year period prior to passage of that act; adverse use in one state being sufficient to prevent registration.

Appeal from the Commissioner of Patents.

Application by Ostermoor & Co., Inc., for registration of trade-mark, opposed by the International Bedding Company. From a decision of the Commissioner of Patents, sustaining the objection, applicant appeals. Affirmed.

C. C. Cousins, of New York City, and H. F. Riley, of Washington, D. C., for appellant.

E. S. Rogers, of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This case is here on appeal from the Commissioner of Patents in two trade-mark opposition proceedings, which have been consolidated for the purposes of this case. Opposition No. 5477 involves a mark consisting of a mattress, one end of which is open, so as to expose the layers of felt composing the mattress. Opposition No. 5478 differs from the above mark only in that it shows a two-piece mattress.

[1] This mark was registered in 1900 under the Trade-Mark Act of 1881 (21 Stat. 502), and again in 1905 under the Trade-Mark Act of 1905 (33 Stat. 724). The registration under the act of 1905 was canceled, for the reason that the mark was descriptive and incapable of registration. Ostermoor & Co. v. Rose Spring & Mattress Co., 55 App. D. C. 307, 5 F.(2d) 268.

It is sought now to register the mark under the 10-year clause of the Trade-Mark Act of 1905. To accomplish this the applicant must establish exclusive use of the mark during the 10-year period prior to the passage of the act of 1905. The tribunals of the Patent Office found from the testimony that appellant had failed to establish such exclusive use, and was therefore not entitled to registration. We have examined the evidence in the case, and find that it overwhelmingly supports the findings of the Commissioner. Inasmuch as the case has been here on three previous occasions, we deem it unnecessary to enter into a discussion of the facts as disclosed by the record. [2] It is contended that the opposition has failed to establish any interstate use of the mark as against appellant's alleged exclusive use during the ten-year period. This is not necessary. Adverse use within a state during that period is sufficient to prevent registration. Macaulay v. Malt-Diastase Co., 55 App. D. C. 277, 4 F.(2d) 944. In other words, "actual use must be shown to have been possessed and enjoyed by the applicant to the sole exclusion of all others." Worster Brewing Corp. v. Rueter, 30 App. D. C. 428.

The decision of the Commissioner is affirmed.