Frazer, Stoffer & Jacobs, of Newark, N. J., for plaintiffs.

Child, Riker, Marsh & Shipman, of Newark, N. J., for other intervenors.

Charles H. Blohm, of Jersey City, for intervenors Lephay.

Osborne, Cornish & Scheck, of Newark, N. J., for defendants.

FORMAN, District Judge.

This case is the companion case of Edmund G. Sauer, et al. v. Samuel I. Newhouse et al., D.C., 26 F.Supp. 326. The bill commences a representative suit instituted by and on behalf of minority stockholders alleging fraud on the part of the majority stockholders and the directors, and also mismanagement of the defendant corporation by its directors. It prays for a receiver, accountings, etc. The case proceeded to final hearing, and certain testimony was taken by the plaintiffs for use in this and the Sauer case. The taking of testimony was suspended in order to permit efforts to reach an adjustment of the disputes involved. These were unsuccessful. Thereupon, plaintiffs moved for a dismissal of their bill without prejudice. Defendant by way of cross-motion asks for an

### DELAHANTY et al. v. NEWARK MORNING LEDGER CO.

District Court, D. New Jersey.
Feb. 14, 1939.

order fixing a date for resumption of the trial unless there be a dismissal with prejudice on the merits.

The pertinent provisions of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, are as follows:

"Rule 23. *Class Actions.*

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1) *joint, or common, or secondary in* the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it; * * *

"(c) Dismissal or Compromise. A class action shall not be dismissed or compromised without the approval of the court. If the right sought to be enforced is one defined in paragraph (1) of subdivision (a) of this rule notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

"Rule 41. *Dismissal of Actions.*

"(a) Voluntary Dismissal; Effect Thereof.

"(1) By plaintiff; By Stipulation. Subject to the provisions of Rule 23(c) and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service of the answer or (ii) by filing a stipulation of dismissal signed by all the parties who have appeared generally in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

"(2) By order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

This class action cannot be dismissed except upon notice to all members of the class and the approval of the court. Secondly, since the suit has proceeded to trial the action cannot be dismissed save upon order of the court and upon such terms and conditions as the court deems proper.

Notice was given all stockholders that those suing for their benefit would move for a dismissal without prejudice, and that at the same time the defendant would apply for an order directing plaintiffs to proceed with the trial or that the complaint be dismissed with prejudice.

As I read the cases leading up to the decision in Jones v. Securities & Exchange Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015, cited by plaintiffs, under the early English and American doctrines plaintiff could dismiss as a matter of right at any time before judgment or decree. Later the trend modified the doctrine so as to give him such right before hearing only and thereafter gave the court discretion to weigh the injury to defendant in a dismissal by plaintiff as of right. Now the law on dismissal or compromise is declared in the above quoted Rules 23 and 41 of Civil Procedure.

Full benefit of the new Rules of Civil Procedure regulating the introduction of evidence was sought and extended to the plaintiffs during the taking of the testimony. Officers of the defendant, Newark Morning Ledger Company, were examined under the widest latitude as if they were under cross examination. Employees of the defendant company were called to testify. The defendant was obliged to prepare for this testimony and for the submission of its own case. Issues of fraud and utter mismanagement upon the part of the defendants abound in the pleading and reside at least inferentially in the examinations which were held. Now the plaintiffs urge their right to withdraw from the forum leaving defendants without opportunity to dispel the clouds which plaintiffs have attempted to hang over them or to bring to fruition their prepared efforts to disprove the allegations of the plaintiffs.

Much argument has been injected into the issue of dismissal on account of the re-

sults of res adjudicata which may accrue in other proceedings pending presently between the parties or which may be in contemplation. This argument projects the issue into the speculative and requires this court to anticipate premises and questions which may or may not arise in the future. If, as and when they do arise the effect of the dismissal here must be viewed by the forum in which the new issues are created.

I am of the opinion that the bill should either be dismissed with prejudice or the trial should be resumed and finally determined in this court.

An order may be taken setting a date for the resumption of trial or in the alternative a dismissal of the complaint with prejudice, and Friday, February 17, 1939 at 10:30 o'clock in the forenoon at the United States District Court Room No. 1 is fixed for the date of settling such order.