**SAUER et al. v. NEWHOUSE et al.**

District Court, D. New Jersey.
Feb. 14, 1939.

Child, Riker, Marsh & Shipman, of Newark, N. J., for plaintiffs.

Osborne, Cornish & Scheck, of Newark, N. J., for defendants.

FORMAN, District Judge.

This action is a representative suit brought by and on behalf of stockholders of the Newark Morning Ledger Company complaining of alleged mismanagement and dissipation of assets of the corporation by its officers, Newhouse and Hoffman.

During the progress of the trial negotiations were held for the purpose of settlement through the purchase of outstanding common and preferred stock of the Newark Morning Ledger Company. Thereupon, notice was given all stockholders to show cause why such offer should not be accepted. Upon the return of the rule to show cause the offer and acceptance was confirmed by the court.

The pertinent provisions of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, are as follows:

"Rule 23. *Class Actions.*

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it; * * *

"(c) Dismissal or Compromise. A class action shall not be dismissed or compromised without the approval of the court. If the right sought to be enforced is one defined in paragraph (1) of subdivision (a) of this rule notice of the proposed dismissal or compromise shall be given to

all members of the class in such manner as the court directs. * * *"

Pursuant to the above rule of procedure it was ordered that all stockholders show cause why an order should not be entered dismissing the bill of complaint with prejudice to any further action.

Everyone of the named plaintiffs and a very large majority of the preferred stockholders of the defendant, Newark Morning Ledger Company, sold their stock to the Cortland Corporation, an agency originated for the purchase of said stock by the basically interested parties. Thus, their interest in this suit terminated.

Notice was mailed to all the stockholders giving them notice of the proposed dismissal in the following terms: "It is further ordered that all stockholders show cause before this court on Friday, the 16th. day of December, 1938, at the Post Office Building, Trenton, New Jersey, at ten-thirty o'clock in the forenoon, or as soon thereafter as counsel may be heard, why an order should not be entered dismissing the bill of complaint in the above entitled cause with prejudice to any further action."

Upon the hearing of the rule to show cause no valid objection to the dismissal was voiced. The suit, therefore, is dismissed with prejudice.