**CROSS et al**
**v.**
**ONEIDA PAPER PRODUCTS CO.**
et al. (two cases).
Civ. Nos. 432, 858.

United States District Court,
D. New Jersey.
Jan. 6, 1954.

Meyer M. Semel, Irvington, N. J.,
Herman E. Cooper, New York City, for
plaintiffs.

David M. Satz, Newark, N. J., Maier Levey, A. Loeb Salkin, New York City, for defendants.

HARTSHORNE, District Judge.

Both the above actions are proceedings for alleged infringement of plaintiffs' union trade-mark, the first action being originally brought in this Court, and hereafter known as the Federal Suit, the second having been subsequently brought in the Superior Court of New Jersey, Chancery Division, Passaic County, and removed to this Court by defendants, 28 U.S.C. § 1441. In the first suit, plaintiffs, before answer filed, entered a voluntary dismissal of such action without prejudice. Defendants now move to vacate this dismissal, on the ground that such action was a class action, and under the Rules could not be dismissed "without the approval of the court", which was not obtained. Fed. Rules Civ.Proc. rules 41(a), 23(c), 28 U.S.C. The second suit, hereafter called the State Suit, defendants removed on the grounds both that same constituted a proceeding under the Lanham Trade-Mark Act, 15 U.S.C.A. §§ 1051–1127, Federal Judicial Code 28 U.S.C. § 1338 (a, b), and also on the ground of diversity of citizenship. 28 U.S.C. § 1332. Plaintiffs now move to remand this suit to the State courts.

### The Federal Suit.

The issue here, as to the validity of the voluntary dismissal, hinges on the meaning of the rule as to class actions, specifically referred to in the rule on dismissals, as above alluded to. This rule, F.R.C.P. 23(c), specifically provides that "A class action shall not be dismissed or compromised without the approval of the court". The rule further provides that "(a) * * * when the character of the right sought to be enforced for or against the class is (1) joint, or common * * * (c) * * * notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." No such notice has been given with, or without; the order of the court.

The complaint itself (paragraph 7) states that

"* * * the plaintiffs representing the entire Membership of 'International' with whom these plaintiffs have a joint and common interest in the several causes of action hereinafter set forth, bring this suit as a class bill for and in behalf of the International Union its officers, Executive Council and members. The members of said 'International' are too numerous to be named as individual plaintiffs to bring this suit, and the controversy herein is of common and general interest to all of the persons constituting the members, including the plaintiffs. Plaintiffs bring this class action with adequate representation pursuant to Rule 23 of the Rules of Civil Procedure."

Of course, the mere allegation that a proceeding is a class action does not conclusively make it so. 3 Moore's Federal Practice, 3423; Speed v. Trans-America Corp., D.C.Del., 1945, 5 F.R.D. 56. But upon the face of the complaint —a suit for infringement of plaintiffs' trade-mark under the Lanham Act—the above allegation would appear correct that the proceeding is in fact a class action, since the members of a trade union, or other unincorporated association, clearly have a joint or common right in its trade-mark. Furthermore, this very right makes obvious the reason for the requirement of the rule that, before such a class action, brought for all members of the class by certain representatives of the class, can be dismissed, notice must be given all members of the class, as directed by the court. Both the purpose and the words of the rule make such notice to the members and approval of the court mandatory conditions precedent to dismissal. Delahanty v. Newark Morning Ledger, D.C. N.J.1939, 26 F.Supp. 327; Lucking v. First National Bank, 6 Cir., 1944, 142 F.2d 528; 3 Moore's Federal Practice, 3551, 3555; Barron and Holtzoff Federal Practice & Procedure, Sec. 570.

Nor is May v. Midwest Refining Co., 1 Cir., 1941, 121 F.2d 431, to the contrary. In that class suit no voluntary dismissal was involved. Hence the above rule as to voluntary dismissals, which expressly excepts class actions, was inapplicable. Furthermore, the court, in directing the dismissal over the objection of the then plaintiffs, had passed on the merits of such objection, interposed for the benefit of all, and thus made the matter res adjudicata both as to the then parties and their privies, the rest of the class. Hence there was no need of noticing the rest of the class for a hearing on that foreclosed question. The lack of notice to them was therefore an immaterial irregularity.

■ Defendants' motion to vacate the voluntary dismissal of the Federal Suit will be granted.

### The State Suit.

In this suit, now removed, plaintiffs move to remand, claiming lack of diversity of citizenship, lack of jurisdictional amount, and in addition, lack of a Federal question. Defendants claim the contrary in each respect. On one thing both sides agree, namely, that both suits are based upon the same facts and circumstances.

■ The allegations of the complaint herein are confusing. For instance, it alleges (paragraph 9) the issuance of letters copyright to the union in the U. S. Patent Office for its trademark "by virtue of which letters copyright this honorable court has jurisdiction", a reference appropriate to a Federal, not State, suit. And in its prayers for relief, the "Lanham Trade-Mark Act" is specifically alluded to. On the other hand, it is doubtless true, as plaintiffs' counsel says in his affidavit on motion to remand, that same were a mere inadvertence, since the complaint generally counts on an alleged violation of the State Trade-Mark and Label Act. (N.J.R.S.1937, 56:3–1 et seq., N.J.S.A. Here it should be noted that a trademark is generally the adoption of something already in existence, while the "writings", which are the subject of copyrights, and therefore of exclusive Federal jurisdiction, U.S.Const. art. I, Sec. 8, Clause 8, are only such as are original, and founded in the creative powers of the mind of the applicant for copyright or his assignee. In re Trade-Mark Cases, 1879, 100 U.S. 82, 25 L.Ed. 550. Thus Federal authority over trademarks, as distinguished from that over copyrights generally, is not necessarily exclusive, but is based upon the interstate commerce nature of the transaction. Macaulay v. Malt Co., 1925, 55 App.D.C. 277, 4 F.2d 944.

■ The above is pertinent to the allegation in the complaint in the State Suit (paragraph 9) that plaintiffs hold "letters copyright" on the above trademark. If they did, and the action was based thereon, of course this Court would have jurisdiction, exclusive of the State courts, of these proceedings because of the above constitutional provision. But counsel advise that this allegation is also an inadvertence, which will therefore be disregarded. In addition, the complaint in the State action repeatedly alludes to the use of the trade-mark in interstate and foreign commerce. Since Congress has spoken, in the Lanham Act, as to how infringements of trade-marks in such commerce are to be treated, the further question arises as to whether the State Trade-Mark Act can be constitutionally considered to apply to trade-marks, insofar as they are used and infringed in interstate and foreign commerce, and whether, if such be the case here, the complaint, if of that character, is valid. But the answer to this question depends in the end both on the facts and the law. Furthermore, the answer thereto would, presently at least, seem academic. For (1) if the State action in fact covers interstate and foreign commerce, and is perchance invalid for the above reasons, plaintiffs' rights are fully protected by the present Federal action, admittedly founded upon the same facts and circumstances, so plaintiffs, the moving party, lose nothing. (2) If the State action is of that char-

acter, and yet perchance is valid despite the above, then, for the reasons set forth below, this Court appears to have jurisdiction of the State action anyway, and so plaintiffs lose nothing. But (3) if the State action does not cover interstate and foreign commerce, and is valid as such, this Court retains jurisdiction, for the reasons set forth below, and so plaintiffs lose nothing.

 Thus the State action will presently be considered as valid and as one brought under the State Trade-Mark Act in the State Chancery division by some "person, association [or] organization" claiming rights in a trade-mark filed for registry in the State, N.J.R.S. 56:3-10, N.J.S.A., or perchance as an action which "may be brought in the recognized name of any such association or organization", or in the names of certain authorized officers, N.J.R.S. 56:3-12, N.J.S.A., the latter provision apparently giving an additional permissive procedure, of similar character to that authorized in the previous provisions. However, it is important on this motion to remand to ascertain the true nature of the complaint, as such, and of the plaintiffs herein. For, since the suit is not under the Lanham Act, the only basis for Federal jurisdiction is the claim that it is one between citizens of different states, and the decision of this question, in turn, depends upon whether this suit is, or is not, a class action. This is for the reason that, if it is a class action, then we consider the citizenship only of the present plaintiffs, as contrasted with the citizenship of the defendants. International Allied Printing Trades Ass'n v. Master Printers Union, D.C.N.J.1940, 34 F.Supp. 178, 181; 3 Moore's Federal Practice, page 1413 and 3436. Since the present plaintiffs are citizens of Illinois, and the defendants are to be considered as citizens of New Jersey, for reasons set forth below, the requisite diversity of citizenship would then exist. But if it is not a class action, but one brought in the name of the association or its officers authorized by the association, then we must consider the citizenship, not of the present plaintiffs, but of all the members of the Union, which goes up into the thousands, and doubtless contains New Jersey citizens. (ibid) Thus the necessary complete diversity would then be lacking.

 Nor does the grant by the New Jersey statute of the right to sue in the name of the association or its duly authorized officers, N.J.R.S. 56:3-12, N.J. S.A., in any wise detract from the right of the members of the association to bring a class action to protect from infringement their joint or common rights in the trade-mark. That such class actions have been specifically recognized in New Jersey in regard to the rights of members of labor unions, see International Allied Printing Trades Association v. Master Printers Union, supra; Baker v. Master Printers Union, D.C. N.J.1940, 34 F.Supp. 808. They are specifically authorized to protect same by suit under such statute, if not at common law. The statute does not purport to divest the members of such right and transfer same to the association itself as a theoretic entity. Furthermore, the statute merely permits, and does not require, that the action be brought in the name of the association or its duly authorized officers. This right of suit in the association or its duly authorized officers must thus be considered a less cumbersome remedy, additional to that already existent in the members of the association to bring a class action. Tunstall v. Brotherhood of Locomotive Engineers, 4 Cir., 1945, 148 F.2d 403; Moore's Federal Practice, page 3435 and 3546; Tisa v. Potofsky, S.D.N.Y.1950, 90 F.Supp. 175.

 Turning to the question of whether or not this is a class action, we find that the complaint itself (paragraph 4) alleges that plaintiffs "bring this action for and on behalf of the entire membership" and that it further alleges (paragraph 7):

> "Plaintiffs herein have no interest which is in any way adverse to, in conflict or inconsistent with the

interests of 'International' or any of the members thereof; and the plaintiffs representing the entire Membership of 'International' with whom these plaintiffs have a joint and common interest in the several causes of action hereinafter set forth, bring this suit as a class bill for and in behalf of the International Union, its officers, Executive Council and members. The members of said 'International' are too numerous to be named as individual plaintiffs to bring this suit, and the controversy herein is of common and general interest to all of the persons constituting the members, including the plaintiffs. Plaintiffs bring this action with adequate representation pursuant to R.S. 56:3–12 and R.R. 4:36."

This specific detailed allegation that the State suit is a class action is not nullified by the mere reference to N.J. R.S. 56:3–12, N.J.S.A., particularly since this reference is immediately followed by a reference to the State Practice Rules, R.R. 4:36, which themselves refer to class actions in terms similar to the Federal Rules.

 The complaint must therefore be considered as a class action brought under the New Jersey Trade-Mark Act. Both defendant corporations are doing business, and were served, in New Jersey, though they are chartered elsewhere. Hence for venue purposes they are both New Jersey citizens, 28 U.S.C. § 1391(a, c), while present plaintiffs are both Illinois citizens. Thus the State action has the requisite complete diversity of citizenship between plaintiffs and defendants.

 The sole remaining question bearing upon the propriety of its removal to this Court, and the present motion to remand to the State Court, depends upon whether or not the amount in controversy exceeds the sum of $3,-000. In regard to this, the complaint itself alleges (paragraph 11) that the Union has expended hundreds of thousands of dollars in advertising, publicizing and introducing its trade-mark throughout the United States and Canada, in addition to the expenditure of time and effort, "all of incalculable value". Since the basic issue in the suit is the infringing and rendering valueless of this trade-mark, on which plaintiffs have expended hundreds of thousands of dollars to give it value, it would seem clear, prima facie, that the amount in controversy substantially exceeds $3,000. This is regardless of whether the damages recoverable in trade-mark infringement suits are the value of the trademark, Jewel Tea Co. v. Kraus, D.C.Ill. 1950, 88 F.Supp. 1003, the injury present and prospective, inflicted upon the trademark by defendant's conduct, Food Fair Stores v. Food Fair, D.C.Mass.1948, 83 F.Supp. 445, 452; Pure Oil Co. v. Puritan Oil Co., D.C.Conn.1941, 39 F.Supp. 68, or the pecuniary gain or loss to either party. Smith v. Adams, 1889, 130 U.S. 167, 9 S.Ct. 566, 32 L.Ed. 895; Cowell v. City Water Supply Co., 8 Cir., 1903, 121 F. 53; Harrison v. Grandison Co., D.C.E.D.La.1940, 34 F.Supp. 356. Nor have plaintiffs denied this jurisdictional amount on the record, though they have in their briefs. Of course, if there is an issue of record as to the amount in controversy, defendants must make their prima facie proof definite. Stangard Dickerson Corporation v. United Electric Radio & Machine Workers, D.C.N.J. 1940, 33 F.Supp. 449.

Accordingly, if plaintiffs deny on the record the existence of the statutory amount in controversy within thirty days from the filing of this opinion, a hearing will occur on that issue; if not, the motion to remand the State suit will be denied.