0313

PREMIUM INVESTMENT CORPORATION, as a corporation and as a representative of a class, Respondent, v. D. W. GREEN, Jr., H. E. McArver, L. B. Rogers, Jane R. Sellers, Dan Rogers and Jake Rogers, Defendants, of whom D. W. Green, Jr. and H. E. McArver are Appellants. Appeal of D. W. GREEN, Jr. and H. E. McArver.

(324 S. E. (2d) 72)

Court of Appeals

466

*David R. Gravely* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A.*, Myrtle Beach, and *Joseph F. Singleton* of *Cross, Singleton & Burroughs*, Conway, *for appellants.*

*J. Jackson Thomas* of *Stevens, Stevens, Thomas, Hearn & Hearn, P.A.*, Myrtle Beach, *for respondent.*

Heard Sept. 25, 1984.

Decided Nov. 8, 1984.

CURETON, Judge:

This is a class action to recover the proceeds of the settlement of an alleged prior class action. Respondent Premium Investment Corporation alleged that the appellants McArver and Green, class representative and class counsel, respectively, in the previous action, breached their fiduciary duties to notify class members of the institution and subsequent settlement of the action. The circuit court ordered the appellants to convey the proceeds of the settlement to a trustee for the benefits of the class and they appeal. We affirm.

McArver, a homeowner in Cherry Grove Beach Subdivision, initiated an action "individually and as representative of a class of property owners" in the subdivision against the developer. The action sought an injunction prohibiting further draining and filling of a lake in the subdivision and mandating its restoration. Appellant Green, an attorney, represented McArver.

On April 26, 1973, the trial court entered an order enjoining further alteration and mandating restoration of the lake. Among other things, the order stated that McArver brought "two class actions ... first as a member of a class ... owning property adjoining the Recreational Lake and secondly, as a member of a class ... owning property within the ... subdivision." The court found that McArver and "those persons owning lots on the ... Lake have an easement appurtenant in said lake" and that he "and others similarly situated" were riparian owners of the lake. Further, the court found that "plaintiffs" were entitled to the injunction sought. The developer appealed.

During the pendency of the appeal, appellants Green and McArver negotiated a settlement with the developer which, among other things, required the developer to convey two lots to McArver and two lots to the L. B. Rogers family, a homeowner in the subdivision which had supported McArver's action. McArver conveyed one lot to Green's law firm for legal services. On July 11, 1973, on motion of Green and with the consent of the developer, a circuit judge, unaware of the class allegations, signed an order vacating and setting aside the April order and entering a voluntary nonsuit without prejudice.

Approximately a year later, McArver, with the advice of Green, agreed to a modification of the earlier agreement in exchange for the conveyance of five additional lots. McArver then conveyed one of the five lots to Green's law firm and one lot to Green, individually.

The testimony is in conflict as to whether any other homeowners in the subdivision had knowledge of the lawsuit. It is undisputed that McArver and Green never undertook formal notification of the class and were not ordered to do so by the court.

Four years after the dismissal of the lawsuit, respondent Premium Investment Corporation, a subdivision property owner, brought this action individually and as representative of other property owners in the subdivision against McArver, Green and the Rogers family to recover the proceeds of the two settlements. Nearly five years later, the circuit court found that Green and McArver disregarded their fiduciary responsibilities to the class and ordered that they convey to

the trustee for the class title to the three unsold lots and $85,000, representing the present market value of the four lots sold by the appellants. The court directed a verdict for the Rogerses because it found that they assumed no duty to represent the class.

The appellants' numerous exceptions raise six basic issues; (1) Was McArver's lawsuit a class action; (2) If it was, did the court-approved voluntary dismissal without prejudice extinguish the class action; (3) Is the class entitled to the proceeds of the second settlement as a part of the first transaction; (4) Does the evidence show that the respondent is guilty of laches or is equitably estopped from asserting an interest in the settlement; (5) Did the court err in charging appellants with receipt of all the seven lots, in valuing the lots, and in requiring that they account for the entire amount of the settlement; and (6) Did the respondent give proper notice of this lawsuit to the class members.

## A. Class Action

The appellants contend that the court erred in finding that the prior action was a class action which placed them in the roles of fiduciaries to the purported class members. They support the contention with three arguments. First, they argue that the trial court failed to certify the alleged class which effectively eliminated any class aspects of the action. Second, a class action must be *res judicata* to the assertion of further claims by absent class members and, admittedly, the prior action in this case had no such effect since at least some of the members had no notice of the suit. Third, the inconsistent findings of the trial court in this suit in first finding that a class action involving Cherry Grove Subdivision homeowners was maintained, but also in finding that the Rogerses, though homeowners there, were not parties to it, reveal the erroneousness of the finding that the prior suit was a class action. Additionally, the appellants argue that even if they compromised a class action by settling and dismissing the suit, the respondents suffered no damages because the dismissal was without prejudice to the right of the respondents themselves to sue the developer.

It is now generally conceded that a plaintiff who sues on behalf of a class and the attorney representing the class assume a fiduciary obligation to absent members of the class, including the obligation to inform them of proposed compromises of the group action. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U. S. 541, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949); *La Sala v. American Savings & Loan Association*, 5 Cal. (3d) 864, 97 Cal. Rptr. 849, 852, 489, P. (2d) 1113 (1971). The class representative also surrenders the right to settle the action in return for individual gain, alone. *Id.* at 852, 489 P. (2d) at 1116.

If the class representative or class counsel breaches the fiduciary duties he assumes and receives and retains benefits flowing from the breach, he holds what he receives upon a constructive trust for the class. *Bank of America National Trust & Savings Association v. Ryan*, 207 Cal. App. (2d) 698, 706, 24 Cal. Rptr. 739, 744 (1962). This is true although the benefit received by the class representative is not at the expense of the class. *Id.* at 706, 24 Cal. Rptr. 739. Under no circumstances will the fiduciary be permitted to profit from a breach of his duty as fiduciary. *Crowder v. Lyle*, 225 Cal. App. (2d) 439, 449, 37 Cal. Rptr. 343, 350 (1964).

The appellants argue that until the class is certified, it is owed no obligation by the purported class representative. They contend no certification occurred in this case. We agree that court certification of the class is an important step in a class action.

> It represents a judicial finding that injured parties other than the named plaintiff exist. It also provides a definition by which they can be identified. Certification identifies and sharpens the interests of unnamed class members in the outcome; only thereafter will they be bound by the outcome. After certification, class members can be certain that the action will not be settled or dismissed without appropriate notice.

*United States Parole Commission v. Geraghty*, 445 U. S. 388, 415 n. 8, 100 S. Ct. 1202, 1218 n. 8, 63 L. Ed. (2d) 479 (1980) (Powell, J., dissenting).

Our class action statute, Section 15-5-50 of the South Caro-

lina Code of Laws of 1976,[1] provides no help in determining what constitutes proper certification. Resorting to decisions interpreting the more stringent requirements of Rule 23 of the Federal Rules of Civil Procedure, the federal class action statute, it becomes apparent that something less than a separate, formal order of certification may suffice. Justice Douglas points out in *Board of School Commissioners of the City of Indianapolis v. Jacobs*, 420 U. S. 128, 131, 95 S. Ct. 848, 43 L. Ed. (2d) 74 (1975) (Douglas, J., dissenting), that the fact that the record contains no written order formally certifying the class is "too slender a reed" to support the failure of the class action "in the face of incontrovertible evidence that certification was intended and did, in fact, take place."

Likewise, our own Supreme Court held in *O'Quinn v. Beach Associates*, 272 S. C. 95, 104, 249, S. E. (2d) 734 (1978) that an imperfect certification, if not appealed, becomes the law of the case. As noted by Justice Douglas in *Jacobs, supra*, many judges are careless in their dealings with class actions or, in this State, have few procedural guidelines to aid them in handling class actions. We will not permit the appellants the defense of lack of certification where the trial court constructively certified the class when it identified those persons with an interest in and entitled to benefit from this action. Here, although certification occurred simultaneous with judgment on the merits of the action, we hold that it was proper.

We can dispose of the other arguments of the appellants in summary fashion. We need not decide whether the McArver action was *res judicata* to the assertion of the claims of class members who had no notice of the suit. Clearly the members may waive their entitlement to notice and elect to sue the class representative for the proceeds of the settlement of the suit. 89 C. J. S. *Trusts* Section 139 (1955); 76 Am. Jur. (2d) *Trusts* Section .222 (1975). The appellants' argument that the trial court's direction of a

---

[1] "When the question is one of common or general interest to many persons or when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."

verdict for the Rogerses was inconsistent with its finding that a class action was maintained is without merit. Individual members of a class may settle their claims against a party to the class action provided they are not class representatives, assumed no fiduciary duty to the class and their settlement does not prejudice the rights of other members of the class. *Rodgers v. U. S. Steel Corp.*, 70 F. R. D. 639 (1976).

■ We hold that the court correctly determined that the McArver lawsuit was a class action, the appellants were fiduciaries to the absent class members and the rights of the class were violated by the settlement and dismissal of the lawsuit without notice.

### B. The Voluntary Dismissal

■ The appellants contend that the court-sanctioned voluntary dismissal of the class suit prior to resolution of the appeal properly terminated potential rights of class members.

While South Carolina's class action statute is silent as to the duties owed absent class members in the event of settlement or dismissal of the suit, Federal Rule 23(e), federal case law and general legal principles establish that class actions may not be dismissed or compromised without court approval *and* notification of all members of the class. *Mandujano v. Basic Vegetable Products, Inc.*, 541 F. (2d) 832 (9th Cir. 1976); *Cross v. Oneida Paper Products Co.*, 117 F. Supp. 919 (D. N. J. 1954); 24 Am. Jur. (2d) *Dismissal, Discontinuance, and Nonsuit* Section 15 (1966).

The entry of judgment in the McArver lawsuit vested rights in the class members which could not be extinguished by the appellants by voluntary dismissal. The court approval of the voluntary dismissal added no legitimacy to it. The dismissal was ineffective in terminating the rights acquired by the class under the judgment entered in the lawsuit.

### C. The Second Settlement

■ We find no error in the trial court's finding that the 1974 settlement, which netted appellant McArver five lots, was a continuation of the 1973 settlement and that the class members could recover the proceeds of the second settlement. The two agreements were captioned identically, *"McArver, et al., Plaintiffs, v. Nixon, Defendant,"* and the

second agreement contained language which indicates it was a continuation of the prior settlement: "WHEREAS, a compromise and settlement of the ... action was reached and ... reduced to writing as [a First] Agreement ... dated August 21, 1973; and WHEREAS, the parties have now agreed upon a modification of said Agreement...." Clearly, the parties themselves contemplated that the agreements were a continuous transaction. We merely adopt their understanding.

## D. Laches or Equitable Estoppel

The appellants contend that the principles of laches or equitable estoppel prevent the respondent's assertion of an interest in the proceeds of the settlements. They argue that the evidence shows that the two owners of the respondent Corporation were asked to intervene in the lawsuit but refused for reasons of self-interest. They further argue that the respondent's four-year delay in bringing suit constitutes laches. We disagree.

The principles of equitable estoppel and laches are founded on right conduct and fair dealing. As the Court stated in *Kelly v. McCray*, 278 S. C. 88, 292 S. E. (2d) 587 (1982), these principles "consider and weigh the conduct of men in their dealings with each other and give that effect and meaning to their actions which common sense and justice dictate." Moreover, it is well settled that one who seeks to apply the doctrine of equitable estoppel must himself be free from wrongdoing. 28 Am. Jr. (2d) *Estoppel and Waiver* Section 28 (1966).

Reviewing the evidence in the record, we find no abuse of discretion on the part of the trial judge in finding that the respondent was not guilty of laches or equitably estopped from asserting an interest in the proceeds of the settlement of the prior lawsuit. The testimony on the question of respondent's knowledge of the lawsuit was conflicting. Even if we concede that the named respondent had knowledge of it and therefore was subject to the defense of equitable estoppel, this fact would not conclude this suit since it is a class action and may be maintained although the claim of the class representative fails. *Moss v. Lane Co.*, 471 F. (2d) 853 (4th Cir. 1973); *Roberts v. Western Airlines*, 425 F. Supp. 416 (N. D. Cal. 1976).

## E. Determination of the Accounting

The appellants argue several points regarding the court's order that they convey to the trustee for the class the three lots remaining plus the value of the four lots sold, which value the court determined to be $85,000. They argue first that they should not be held liable for the two lots received and sold by appellant Green's law firm. Secondly, they contend that the respondent is only entitled to the amount the appellants received on the sale of the lots rather than the market value. Thirdly, the appellants contend that if market value is the appropriate measure of damages, the 1973 market value rather than the market values of the lots at the time of the entry of this order should have been utilized. Lastly, they argue that the court should have reduced the amount of their accounting by awarding appellant Green reasonable attorney's fees for his representation of the class.

"Where a fiduciary in violation of his duty to the beneficiary receives or retains . . . profit, he holds what he receives upon a constructive trust for the beneficiary." *Restatement of Restitution* Section 197, p. 808 (1937). The beneficiary is entitled to any gain the fiduciary may have secured. G. Bogert, *Bogert on Trusts* 358-59 (1952). The trustee can be required to pay the damages caused the beneficiares by his breach. *Id.* at 608.

Applying these principles to the facts before us, we hold that the court did not err in requiring the appellants to account for the present market value of the seven lots they received. As fiduciaries, they cannot escape liability for the value of class property which they conveyed to a third party. Nor can a fiduciary retain any increase in value of property he receives for the benefit of the class. The appellants had the property or the use of its proceeds for some ten years. It certainly would be inequitable to allow them to retain the profits from their wrongdoing.

With respect to the award of attorney fees to appellant Green, we hold that such an award would constitute a benefit to him. Such an award would reward him for his breach of a fiduciary duty. Moreover, Green did not request the award of attorney fees in his pleadings and is not entitled to relief not prayed for. *Glass v. Glass,* 276 S. C. 625, 281 S. E. (2d) 221 (1981).

### F. Adequate Notice To Class

We find no merit in the appellants' contention that the court order requiring notice by publication in three newspapers in the state was inadequate notice to potential class members of this suit. The case relied on by the appellants, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950), merely provides that notice must be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action." In decisions since *Mullane*, courts have consistently held that even though class members are readily identifiable, notice by publication is sufficient. *See Ellison v. Rock Hill Printing & Finishing Co.*, 64 F. R. D. 415 (D. S. C. 1974); *Archibald v. Cinerama Hotels*, 15 Cal. (3d) 853, 126 Cal. Rptr. 811, 544 P. (2d) 947 (1976); Note, *State Class Actions*, 27 S. C. L. Rev. 87 (1975). The appellants' exception is therefore dismissed.

### G. Conclusion

Having reviewed the numerous assignments of error alleged and finding them to be without merit, the judgment of the circuit court is.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.