22695

In the Matter of Dove Walter GREEN, Jr.

(354 S. E. (2d) 557)

Supreme Court

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* and *Asst. Atty. Gen. C. Havird Jones, Jr.,* Columbia, *for complainant.*

*John B. McCutcheon, Jr.* and *O. Allen Alexander,* of *Mc-Cutcheon, McCutcheon & Baxter, P.A.,* Conway, *for respondent.*

Heard March 10, 1987.

Decided April 6, 1987.

*Per Curiam:*

This is an attorney grievance matter. Respondent was charged with misconduct as a result of his institution and settlement of a class action lawsuit without notice to all class members. Specifically, respondent was charged with violating Disciplinary Rules 5-106(A), 1-102(A)(1) & (5),

7-101(A)(3), and 6-101(A)(2). Respondent tendered a conditional admission and consent to private reprimand which was denied by the Court.

The facts are undisputed. In 1972, respondent represented Dr. Strickland, a homeowner in the Cherry Grove Subdivision seeking to enjoin the draining and filling of a recreational lake by the developer. Respondent initiated a civil action entitled *Alva Lawton Strickland v. C. D. Nixon*. The caption of the complaint was subsequently amended to read *Alva Lawton Strickland and H. E. McArver, individually and as representatives of a class v. C. D. Nixon*. Dr. Strickland later withdrew from the suit.

Respondent testified before the Panel that the class designation was chosen as a vehicle for soliciting support from other Cherry Grove homeowners. Respondent and McArver contacted other homeowners, including a corporation called Premium Investment Corporation, but none were interested in joining the suit. Respondent testified that McArver was the only client he had and that he did not think of or prosecute the case as a class action even though it was still so designated.

The case was settled. As part of the settlement, McArver received three lots and conveyed one to respondent's law firm as a fee. The settlement was later amended to give McArver five more lots, of which respondent received one and respondent's law firm received one.

In 1977, Premium Investment Corporation sued McArver and respondent to recover the proceeds of the settlement, alleging that McArver and respondent had breached their fiduciary duties to other members of the class. The circuit court found that *McArver v. Dixon*, had been a class action, that McArver and respondent had settled the action without notice to all class members and that McArver and respondent should pay damages. The circuit court's order was affirmed by the Court of Appeals. *Premium Investment Corp. v. Green*, 283 S. C. 464, 324 S. E. (2d) 72 (Ct. App. 1984). This Court denied certiorari.

Respondent contends that his failure to remove the class action designation from the caption of the lawsuit, even after it became clear that no other Cherry Grove residents were interested in joining the suit, was a mere oversight.

Respondent claims that he "just didn't clean [the pleadings] up like [he] should have." This claim is inconsistent with the fact that respondent drafted the final order for the circuit court judge long after it was clear that no other property owners would participate. At that time, respondent still referred to the case as a class action in the caption as well as in two different places in the body of the order.

We agree with the Executive Committee that respondent has breached a fiduciary duty in violation of DR5-106(A), damaged a member of a class in the course of a professional relationship in violation of DR7-101(A)(3); and neglected a legal matter raised by the pleadings in violation of DR6-101(A)(2). The authority to determine the appropriate sanction for attorney misconduct rests solely with this Court. *Burns v. Clayton*, 237 S. C. 316, 117 S. E. (2d) 300 (1960). We conclude that a public reprimand is the appropriate sanction in this matter.

Attorney Dove W. Green, Jr. therefore stands publicly reprimanded by this Court in accordance with Rule 7A(4) of the Supreme Court Rules on Disciplinary Procedure.

Public reprimand.

LITTLEJOHN, Acting Justice, concurring and dissenting:

I agree with the majority view that the Respondent has been guilty of misconduct warranting a disciplinary sanction. In my view the appropriate sanction is indefinite suspension.