## SUN VALLEY MFG. CO. v. SUN VALLEY TOGS, Inc.

District Court, S. D. New York.

May 9, 1941.

MANDELBAUM, District Judge.

This is a motion for a temporary injunction which seeks to restrain the defendant from using its corporate name.

The plaintiff, Sun Valley Manufacturing Co., a Massachusetts corporation, incorporated August, 1940, manufactures ski suits and other sportswear apparel. It maintains two showrooms in the City of New York. The defendant, Sun Valley Togs Inc., a New York corporation, incorporated in January, 1941, manufactures a cotton skirt, known as "Bamboo Broomstick Skirt".

While the plaintiff concedes that the parties do not manufacture similar products, it predicates its claim for relief on the theory that the defendant is using a similar name and in that way is capitalizing on the good will of the plaintiff's trade name.

The motion is opposed on various grounds. Principally, that the plaintiff has not established a secondary meaning in the name "Sun Valley"; there has been no simulation by defendant of the plaintiff's product nor has there been any "palming off" of defendant's products for those of the plaintiff's; that the plaintiff has not nor will be damaged.

I believe that a consideration of the defendant's first objection to the motion will dispose of the entire matter. The name "Sun Valley" used both by the plaintiff and defendant is geographical, being the name of a resort popular for winter sports, in the State of Idaho. It is recognized that geographical words and words that are merely descriptive of the merchandise are not capable of exclusive appropriation. However, long and exclusive usage of such words by a trader or distributor may result in such words acquiring a secondary meaning quite apart from their primary significance. Under such circumstances, equity may enjoin one who makes use of such words. British-American Tobacco Co. v. British-American Cigar Stores, 2 Cir., 211 F. 933, Ann.Cas.1915B, 363.

The elements to be considered in determining whether a name has acquired a secondary meaning are generally (a) length of use of such name, (b) the nature and extent of popularizing and advertising such name, (c) the efforts in promoting the con-

Charles Sonnenreich, of New York City, for plaintiff.

William Weisman, of New York City, for defendant.

504

sciousness of the public in connecting that name with a particular product.

■ Considering the affidavits and exhibits in the light of the foregoing, I conclude the following: The plaintiff has used the name in dispute for a comparatively short period of time. The claim of extensive advertising of the name is unsupported by any proof except the categorical statement by an officer of the plaintiff corporation. Finally, there is insufficient evidence offered by the plaintiff to establish that either store buyers or ultimate purchasers have made purchases of the defendant's products, believing them to be the plaintiff's. From the different types of trade to which the respective parties cater, I cannot see how they can be misled. Any further discussion would serve no useful purpose since I believe that the plaintiff has failed to establish a secondary meaning in the name "Sun Valley". In view of the fact that the parties manufacture different products, there cannot be any competition between them and it follows that any claim for unfair competition must fail. All in all, the issuance of a temporary injunction should be sparingly exercised in the absence of clear proof.

The motion is accordingly denied.