**JEWEL TEA CO., Inc. v. KRAUS.**

No. 44C1345.

United States District Court
N. D. Illinois, E. D.

Jan. 17, 1950.

Parker & Carter, Chicago, Ill., for plaintiff.

Goldman, Allshouse & Healy, Chicago, Ill., for defendant.

LA BUY, District Judge.

The complaint herein alleges that plaintiff is the owner of the trade-mark Jewel as applied to many food products, that said mark has been registered in the United States Patent Office under the Trade-Mark Act of 1905; that plaintiff has been in the business of merchandizing food products generally in Illinois since 1901 and more recently throughout the United States and has used the name Jewel on its stores in Chicago since 1932; that in 1940 defendant used, and still uses, the name Jewel or Jewel's as the title of his milk stores and on September 30, 1946 registered the name Jewel with the Secretary of State of Illinois and was issued a certificate of registration; that in many locations defendant established his store immediately adjacent or close to plaintiff's food stores plainly marked with plaintiff's trade-mark and name Jewel; that plaintiff notified defendant of his trade-mark infringement and the unfair trade practice because of such use but that defendant has refused to respect the plaintiff's rights thereunder and continues to operate under the name and trademark Jewel. The parties herein have filed a stipulation of facts and the court hereby adopts the stipulation of the parties as part of its findings in the above cause.

Plaintiff has registered the word Jewel under the Trade-Mark Act of 1905, 15 U.S.C.A. § 81 et seq. [15 U.S.C.A. § 1051 et seq.], as a trade-mark on food products and since 1932 uses the word Jewel as part of its corporate name. The relief prayed for is to enjoin defendant's usage of the word Jewel or Jewel's upon his milk stores and it does not appear, nor is it alleged, that defendant uses said trade-mark on any products which he sells.

■ Jurisdiction is alleged to be based on the trade-mark laws of the United States, on diversity of citizenship and requisite jurisdictional amount. The infringement of a federally registered trade-mark in which the cause of action is dependent on federal registration requires an allegation that the transactions complained of occurred in interstate commerce. Nims, Unfair Competition And Trade Marks, Vol. 2, 4th Ed., page 1000. Defendant is a retail store owner operating stores in Oak Park, Cicero and Berwyn, Illinois, and the actions complained of by plaintiff arise solely in these territories. The evidence and allegations of the complaint fail to show any infringement or violation by defendant in interstate commerce, but these are not required since the parties are not citizens of the same state.

■ Jurisdiction is also based on diversity of citizenship and jurisdictional amount and plaintiff's use of his trade-mark may therefore be considered on the right afforded under common law or state statutes rather than under federal registration alone. The diversity requirement is satisfied since plaintiff, Jewel Tea Co., Inc., is a New York corporation and has its principal place of business in Barrington, Illinois; defendant, Charles Kraus, is a resident of Illinois doing business under the name Jewel Milk Stores located in Cicero, Oak Park and Berwyn, Illinois. The existence of jurisdictional amount is denied by defendant in his answer though no evidence to support the denial has been submitted. If it appears anywhere in the record that jurisdictional amount is involved, the jurisdictional requirement is satisfied. This amount is to be tested by the value of the property right of the plaintiff represented usually by the value of its goodwill and does not depend alone upon pecuniary damages sustained. From the record before it, the court holds the value of plaintiff's property right is sufficient to satisfy the jurisdictional requirement of amount in controversy.

On December 26, 1947 this court held, on submission of the controversy herein based upon stipulation of facts alone, that the word Jewel was a descriptive word of common usage not subject to exclusive appropriation for a trade-mark and allowed the parties the right to introduce evidence bearing upon a secondary meaning. On February 17, 1949 plaintiff filed an amended complaint alleging that the name Jewel has "come to mean and is understood to mean by the public in the communities involved herein and in the State of Illinois as Jewel Food Stores, a division of plaintiff herein, and is a name by which plaintiff is identified and distinguished from other food stores" in Chicago, Illinois. Evidence was then submitted to support this allegation.

It is to be noted that the word Jewel is only a portion of the name used by both parties and is the salient feature of both. The businesses conducted by plaintiff and defendant are similar being the retail sale of food and dairy products and that in many instances defendant has located in the same neighborhood area as plaintiff, and in one instance immediately adjacent to plaintiff's store. Plaintiff's use of the word Jewel as part of its trade-name in Illinois began in 1932 and has continued ever since. Defendant's use began in 1940.

Plaintiff urges a reconsideration by the court of its determination on the word Jewel asserting that its use by plaintiff is in a fanciful and arbitrary manner. Defendant contends the plaintiff cannot acquire exclusive rights in the word and in any event plaintiff's use of the word would be entitled to only limited protection.

■ It is a settled rule that no one can appropriate as a trade-mark a generic name or descriptive word in the absence of secondary meaning. A generic name gives information as to the nature or class of article and a descriptive word supplies the characteristics and qualities of the article, its color, order, functions, dimensions, and its ingredients. Nims, supra, page 166. The definition of the word Jewel has been stipulated by the parties as it appears in Webster's New International Dictionary. Summarily, it is used to refer to a costly ornament, a precious thing; an object of costly or precious attributes. Clearly, the word Jewel is not used by the plaintiff in its generic sense. It is possible that it may

be used in the descriptive sense, however, to denote quality and thus signify to prospective purchasers that plaintiff's business has superior qualities. But, it may also fall in the class of words claimed to be suggestive marks. These words, as set forth by Judge Soper in General Shoe Corp. v. Rosen, (4 Cir., 1940) 111 F.2d 95, 98, are described as the "middle ground wherein terms of mingled qualities are found. It cannot be said that they are primarily descriptive or that they are purely arbitrary or fanciful without any indication of the nature of the goods which they denominate. Such terms, indeed, shed some light upon the characteristics of the goods, but so applied they involve an element of incongruity, and in order to be understood as descriptive, they must be taken in a suggestive or figurative sense through an effort of the imagination on the part of the observer."

Such words do not stand primarily descriptive of kind or quality except in a figurative way for excellence or quality or grade or class and may be marks of origin and not of quality.

The court is, of the opinion that in so far as the word Jewel is concerned, however, no clear line of demarcation can be drawn between a descriptive or suggestive category, and it would appear in such a situation that proof, if any, of secondary meaning would more accurately evaluate the plaintiff's rights.

Elements to be considered in whether a name has acquired a secondary meaning are generally (1) length of use, (2) nature and extent of popularizing and advertizing, and (3) efforts in promoting consciousness of the public connecting that name with particular product or business. Sun Valley Mfg. Co. v. Sun Valley, D.C. N.Y., 39 F.Supp. 502.

The record shows plaintiff adopted the use of the word Jewel as part of its corporate name in 1932. It has been stipulated by the parties that no store or other establishment has been found dealing in food of any sort under the name Jewel prior to plaintiff's opening their food stores. The record supports the conclusion that large sums were expended by plaintiff in advertising its food store business. Testimony was introduced by customers residing in River Forest, Evanston, Oak Park and Berwyn, by suppliers of products to plaintiff, newspaper writers, and plaintiff's employees. The testimony disclosed that the purchasers ordinarily referred to plaintiff's store as the Jewel and that they believed defendant's store to be connected in some way with the plaintiff. Instances of actual confusion of defendant's business with plaintiff's business were shown. From the evidence it appears that an association existed in the minds of the public between the word Jewel and the plaintiff's business.

The court finds that plaintiff through advertising and long course of dealings has built up a large and lucrative business and has so identified the word Jewel with itself in connection with the retail grocery business in Chicago and its suburbs as to give it a secondary meaning as applied thereto and especially in the type of business in which it is engaged; that the plaintiff was the first one to use the word Jewel in these communities in this type of business; that the defendant is a subsequent user of the word Jewel; that the businesses conducted by plaintiff and defendant are so similar that there has been, and there is a likelihood to be, a confusion by the public, trade and customers.

A name need not acquire a secondary meaning everywhere in order to be entitled to protection; protection will be given in any territory in which the name is used and understood in its secondary sense and in any locality where it can be shown to be injuring or likely to injure the plaintiff.

The court finds that from the evidence the plaintiff is entitled to relief. The court finds that no pecuniary injury or injury to plaintiff's reputation has been sustained by defendant's use and there is no evidence to warrant an award of damages or profits. The court finds that plaintiff is entitled to an injunction restraining defendant from the use of the word Jewel on any store he operates in connection with the retail business of distributing or selling

food or dairy products in Chicago and its suburbs.

In addition to the stipulation of facts by the parties, the above and foregoing opinion shall constitute the additional findings of fact and conclusions of law of this court. Counsel are requested to present the proper order within twenty (20) days.