## JEWEL TEA CO., Inc. v. KRAUS.
### No. 44 C 1345.

United States District Court N. D. Illinois
Eastern Division.

July 8, 1952.

Parker & Carter, Chicago, Ill., for plaintiff.

Goldman, Allshouse & Healy, Chicago, Ill., for defendant.

LA BUY, District Judge.

Plaintiff seeks an order of contempt for alleged violation of an injunction heretofore issued.

It is alleged that defendant is using the name "Jewel Fine Ice Cream" on his store fronts, on his trucks, and on advertising material; that said use conspicuously and prominently emphasizes this phrase over the name of the defendant's stores and any other matter appearing in the store windows; exhibits have been submitted to show the present use by the defendant. The defendant asserts that he is guilty of no violation

since he has the right to use this name over the plaintiff and his use is proper advertising of his trade-mark Jewel Fine Ice Cream.

The injunction, D.C., 88 F.Supp. 1003, as modified by the Court of Appeals opinion, 7 Cir., 187 F.2d 278, 284, gave the defendant the right to "use the term 'Jewel Fine Ice Cream,' on ice cream cartons sold in his stores or distributed by him" "but without referring to 'Jewel' as any part of defendant's trade name."

The defendant has established a prior right to the name Jewel Fine Ice Cream, and the court must consider whether the defendant has the absolute right to use the same in the manner he now pursues—that is, advertisement of a trade mark on a product and not as a part of a trade name. In testing whether a violation of an injunction decree exists, the same tests are applicable on the issue of violation as in issuance of an injunctive decree. Nims, Unfair Competition & Trade Marks, 4th ed., page 1188. Therefore, the court must consider whether the use employed still possesses the elements of confusion so far as the public is concerned. Technical exactitude in interpreting the enjoined use must be considered with that in view.

The defendant has since the issuance of the injunction identified his stores by signs reading "Kraus Milk Stores". From the photographic exhibits submitted by both litigants, it may be said that advertisement of his product Jewel Fine Ice Cream bears a prominent place on his store windows and it may be even concluded that it is emphasized over that of Kraus Milk Stores. The pertinent issue to be determined is whether the use of Jewel Fine Ice Cream is accompanied with "appropriate notice of the origin and sponsorship" so as to apprise the public that the product is his own.

The ruling by the Court of Appeals recognizing the prior right of the defendant to use "the term 'Jewel Fine Ice Cream,' on ice cream cartons sold in his stores and distributed by him" cannot be construed as a limitation of the defendant's use of the term. That question was not an issue at that time and the phrase "on ice cream cartons" should not be interpreted to limit the manner and media of advertising the defendant's product. The right to use a trade mark carries with it the right to sell and distribute the product which bears it and it follows as a necessary consequence of these rights that the accepted medium of attracting sales is to advertise so that the public will be tempted to make the purchase.

It is the opinion of the court that the style of advertising adopted and used by the defendant in advertising its ice cream identifies the source of this product as being that of the defendant's.

The defendant was allowed a reasonable time to comply with this court's decree and from the photographic exhibits submitted it appears that within a period of approximately four months the defendant had ceased to use the word Jewel as a trade name. The court concludes that this was not an unreasonable period of time in which to comply with the injunction.

The court is therefore of the opinion that the plaintiff's motion for a rule to show cause should be denied. Counsel are requested to present an appropriate order in accordance with this holding.