LAND O'LAKES CREAMERIES, INC.,
Plaintiff-Appellant,

v.

OCONOMOWOC CANNING COMPANY,
Defendant-Appellee.

LAND O'LAKES CREAMERIES, INC.,
Plaintiff-Appellee,

v.

OCONOMOWOC CANNING COMPANY,
Defendant-Appellant.

Nos. 14407, 14408.

United States Court of Appeals
Seventh Circuit.

April 1, 1964.

**668**

Harold Jordan and Doherty, Rumble & Butler, St. Paul, Minn., Lyman A. Precourt and Foley, Sammond & Lardner, Milwaukee, Wis., for Land O'Lakes Creameries, Inc.

Gerrit D. Foster and Paul R. Puerner, Milwaukee, Wis., for Oconomowoc Canning Co.

Before SCHNACKENBERG, CASTLE, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This is an action to cancel trade-mark registrations and to enjoin trade-mark infringement and unfair competition. Jurisdiction is based upon the federal trade-mark laws and diversity of citizenship.

Plaintiff, Land O'Lakes Creameries, Inc., is a Minnesota corporation with its principal office in Minneapolis. Defendant, Oconomowoc Canning Company, is a Wisconsin corporation with its principal place of business in Oconomowoc, Wisconsin.

Both parties have been using the same trade-mark, Land O'Lakes, for many years. In 1957 plaintiff sought cancellation of the registrations of defendant's trade-mark by the Patent Office. Defendant counterclaimed, seeking cancellation of plaintiff's registrations. The examiner denied both plaintiff's and defendant's applications. On appeal the Trademark Trial and Appeal Board upheld the examiner. 122 U.S.P.Q. 411 (1959). Thereupon, plaintiff sought a review in the district court pursuant to 15 U.S.C.A. § 1071 and 35 U.S.C. § 146. Although the action in the district court was in the nature of an appeal, the parties were entitled to a trial *de novo* and plaintiff enlarged its complaint to include an action for an injunction for trade-mark infringement and unfair competition. Defendant counterclaimed, seeking cancellation of plaintiff's trade-mark registrations and an injunction for infringement and unfair competition. The district court dismissed both the complaint and counterclaim. Its decision is reported in D.C.Wis., 221 F.Supp. 576. Both parties appeal from the decision.

Since the facts are set forth in the district judge's opinion, we shall attempt a summary only.

Oconomowoc Canning Company is in the business of canning vegetables grown in Wisconsin. It adopted the Land O'Lakes trade-mark in 1920 and has used it since that time on a portion of the canned goods it has sold in a number of states. Its first application for a registration of its trade-mark was filed in the Patent Office on May 14, 1924. Three other registrations of the trade-mark were obtained, the last in 1951 (No. 541,-681).

In 1921 Land O'Lakes Creameries, under the name of Minnesota Cooperative Creameries Association, began selling butter, cheese, eggs and poultry as an association of farmers' cooperative creameries located in Minnesota, North Dakota, and Wisconsin. It is now the largest butter distributor in the United States. In 1924 the company, after conducting a public contest to select a name for its products, chose Land O'Lakes. At the time it adopted this trade-mark it had no knowledge of defendant's use of

the mark. Plaintiff filed its first application for a registration of its trade-mark on November 8, 1924. Subsequently, it obtained four additional registrations all of which are presently in effect.

In 1920 Howard E. Jones and Company of Baltimore, Maryland, a food broker, began brokering defendant's canned peas under its Land O'Lakes trade-mark. Later defendant gave Jones an oral license to use the trade-mark on canned goods not produced by defendant. These goods were labeled by Jones with the mark Land O'Lakes and carried the following inscription:

> Ocono Co.
> Distributors
> Baltimore, Md.,

and in smaller print:

> Trademark Registered
> U.S. Patent Office
> Oconomowoc Canning Company
> Oconomowoc, Wisconsin.

In the 1930's Jones and defendant agreed that Jones could use the trade-mark on any canned goods purchased from Jones by the Baltimore Wholesale Grocery Company. At the present time it is the only company to whom Jones sells merchandise under the trade-mark.

Plaintiff contends that the name Land O'Lakes, when adopted by both parties, was a geographically descriptive name, but plaintiff's use of the label has been so extensive that the mark has acquired a secondary meaning, signifying plaintiff's products. Plaintiff says it is therefore entitled to request the cancellation of defendant's registrations and to an injunction against the use of the mark on Jones' products as well as on defendant's own goods even though defendant adopted the name first and even though defendant's goods are not in competition with those of plaintiff.

Plaintiff also contends that the district judge erred in holding that under the licensing arrangement defendant exercised reasonable control over Jones because "defendant's reliance on its licensee's [Jones] quality control may be deemed the taking of reasonable measures to protect the quality of the goods bearing the mark." It also contends that the judge should have condemned what plaintiff terms a deception on the public practiced by Jones with defendant's knowledge, namely, the inclusion of the fictitious name, Ocono Co., on the labels used by Jones. Plaintiff further contends that it was error to rule that false statements contained in defendant's 1951 registration application [1] did not amount to a fraud which warranted cancellation of the registration.

Moreover, plaintiff says that since the court found a likelihood of confusion over the origin of the products sold by the parties,[2] the conduct by defendant in respect to its use of its trade-mark entitles plaintiff to an injunction based upon unfair competition. Plaintiff augments its claim by asserting that defendant palmed off its products as those of plaintiff because retailers of both parties' products in Baltimore, Maryland, and Rochester, New York, placed advertising mats supplied by defendant side-by-side with those of plaintiff in their newspaper advertisements.

Defendant counterclaims that, in view of the finding of likelihood of confusion, it is entitled to cancellation of plaintiff's registrations and injunctive relief because of its prior use of the mark and because it has been unduly harassed by plaintiff's efforts to defeat its registrations.

We hold that the district judge was correct in denying relief to both parties.

---

1. The district judge found that defendant, in obtaining its fourth registration (No. 541,681), falsely represented that it had used the mark on a great number of products covered by the registration, whereas, in fact, the use of the mark had been by Jones on his products.

2. The Patent Office's trial and appeal board had found there was no evidence of actual confusion over the source of origin.

■■ Initially, it must be noted that the judge made no finding that the mark was geographically descriptive of the region where the products of the parties originated. Furthermore, if such finding had been made, the record would not have supported it. Accordingly, plaintiff's contention that it acquired superior rights in the mark because secondary meaning had attached to its use of the name cannot be considered. Secondary meaning becomes relevant only when a trade-mark is descriptive of the article or its origin. Watkins Prod., Inc. v. Sunway Fruit Prod., Inc., 311 F.2d 496 (7th Cir. 1962).

The instant case must be considered on the factual basis that (1) plaintiff adopted the trade-mark subsequently to defendant, (2) the products sold by defendant and its licensee Jones are not in competition with those of plaintiff, and (3) neither party has had an exclusive right to the use of the name.

Because the district judge found there was a likelihood of confusion among the purchasing public whether the canned goods sold by defendant and Jones emanated from plaintiff, plaintiff's contentions that defendant abandoned its mark and misused it must be considered. Cf. M & R Dietetic Laboratories, Inc. v. Sanna Dairy Engineers, 114 U.S.P.Q. 306 (1957).

■ The district judge found that defendant's reliance on Jones' control over the quality of products should be deemed sufficient supervision to protect the quality of the goods bearing the trade-mark and, therefore, met the requirements of 15 U.S.C.A. § 1064(e). In light of the fact that defendant's name appeared on the label used by Jones and that during the forty years of the license agreement there were no complaints about the quality of the goods, we think the finding that the arrangement with Jones was more than a naked license not effecting an abandonment of the mark was not erroneous.

■ The district judge held that Jones' use of labels on which the name Ocono Co. appeared with the mark Land O'Lakes did not constitute a misuse of the trade-mark since the practice had no significant consequences on the purchasing public. The record shows Ocono Co. was a business name used by Jones, and defendant required that its own name appear on the labels used by Jones. Plaintiff failed to prove that the public was deceived in believing that the goods so labeled had been produced by defendant. Moreover, plaintiff showed no damage or likelihood of injury to its business reputation by such practice. Therefore, plaintiff has no standing to complain. Although plaintiff might have been hurt if either defendant or Jones had palmed off goods to the public as plaintiff's product, there was no injury here to plaintiff even if the public had believed defendant produced Jones' goods. We think the district judge was correct in holding that there had been no misuse of the mark.

■ We also think there was no error in the finding that plaintiff was not damaged by defendant's misrepresentations about its own use of the mark in its 1951 registration application. Plaintiff offered no proof that defendant's representation caused injury to plaintiff or even likelihood of injury. The registration covered a line of goods which could reasonably be in the path of defendant's natural expansion. The representation did not result in an invasion of the area related to dairy products.

Plaintiff argues that defendant's conduct enabled merchants to palm off its goods as plaintiff's goods. As proof, plaintiff refers to the side-by-side newspaper advertising of plaintiff's and defendant's products. However, as the district judge noted, such advertising was controlled not by defendant but by customers of both parties. Defendant was no more responsible than plaintiff for the advertising methods of their customers. It is inconceivable that defendant in order to retain the use of its mark, as a first user, should have been required to supervise its customers in the placement of the advertisements. There was no evidence of defendant attempting to take

advantage of plaintiff's business reputation.

■■ The controversy here must be viewed in light of the innocence of each party in adopting the same trade-mark, the length of time the parties have used the mark, and the noncompetitive nature of their products. We think the district judge was correct when he said: "Plaintiff has never enjoyed exclusive use of the mark 'Land O'Lakes.' A latecomer as to defendant at the outset, it now shares the mark with other users and registrants as well. Plaintiff took the risk of developing its interest in the mark subject to the legitimate rights of defendant." We are also in agreement with the judge's observation, "The likelihood of confusion shown by the evidence adduced on this trial is a natural incident of concurrent use of the mark on goods sold in common trade areas and, on occasion, through the same outlets. In the case of identical marks on goods which are closely related but non-competitive, mere likelihood of confusion resulting from lawful use of the mark would not necessarily justify termination of either party's rights therein."

■ In denying defendant's counterclaim, the district judge said:

"Defendant has not established that it is entitled to relief on its counterclaim. The nature and extent of the likelihood of confusion under the circumstances of this case do not warrant cancellation of plaintiff's registrations, injunction on use of the mark, or other relief requested by counterclaim. As noted above, plaintiff commenced its use of the mark in innocence of the rights of others therein and has developed substantial interests therein which may benefit rather than injure, other users or registrants of the mark."

Defendant overlooks the fact that the likelihood of confusion found by the district court related to the circumstance that customers who purchased canned goods sold by defendant or Jones believed they were buying goods emanating from plaintiff; there was no finding that those who purchased butter, eggs, and cheese bearing the Land O'Lakes label thought they were buying goods emanating from defendant. Thus, there was no basis for relief to defendant even though it is the senior user of the mark.

■ In sum, both parties have been using the same trade-mark on noncompetitive goods for approximately forty years. At this late date, despite the possibility of confusion as to the source of products sold under the label Land O'Lakes, we think the district judge correctly considered the equities of the parties in denying relief to both.

The judgment is affirmed.