**NORSAN PRODUCTS, INC., an Ohio corporation, Plaintiff,**

**v.**

**R. F. SCHUELE CORP., a Wisconsin corporation, Defendant.**

**No. 64-C-245.**

United States District Court
E. D. Wisconsin.

June 28, 1968.

David M. Hecht, Milwaukee, Wis., for plaintiff.

Patrick T. Sheedy, Milwaukee, Wis., for defendant.

## OPINION

REYNOLDS, District Judge.

This is an action for an injunction against the infringement of a trademark. No damages are sought.

### Undisputed Facts

Plaintiff is an Ohio corporation with its principal office in Milwaukee and produces a liquid stain remover called "Kuf 'N Kolar." This stain remover has been manufactured continuously since July 19, 1958, under the mark "Kuf 'N Kolar." Sales since that time have exceeded 750,000 bottles. Plaintiff has spent approximately $50,000 in direct advertising and promotion of its product. Plaintiff has spent at least $10,000 for display racks for merchandising "Kuf 'N Kolar." As a result of these merchandising efforts, many of plaintiff's customers have sent letters to the plaintiff corporation addressed to "Kuf 'N Kolar" rather than "Norsan Products, Inc." Plaintiff's mark "Kuf 'N Kolar" was registered in the United States Patent Office on the supplemental register on September 18, 1962, Registration No. 738057, and on the principal register on August 23, 1966, Registration No. 813622.

The defendant is a Wisconsin corporation with its principal place of business at Milwaukee. Defendant manufactures and sells a product called "Cuff & Collar Cleaner." Sales of defendant's product have been confined to Wisconsin and the surrounding states. Little money has been spent by the defendant in promoting its product. Neither "Cuff & Collar Cleaner" nor the words "Cuff & Collar" have been registered as trademarks with the United States Patent Office.

This case presents two basic issues for decision. The first is whether the plaintiff's mark "Kuf 'N Kolar" is a valid trademark. The second issue is—if the mark is valid, was it infringed by the defendant's use of the mark "Cuff & Collar" or "Cuff & Collar Cleaner"?

### Validity

The defendant has set out three defenses to the validity of the plaintiff's mark. The first defense is that the defendant purchased the mark "Cuff & Collar" from one who had used the mark prior to the use of the mark "Kuf 'N Kolar." The second defense is that the mark "Kuf 'N Kolar" is generic or descriptive in nature and not subject to appropriation as a trademark. The third defense is that the "Kuf 'N Kolar" mark was not used by the plaintiff until after the name "Cuff & Collar" was used to market cleaning aids. The plaintiff argues that these defenses hinge on a finding by this court that the mark "Kuf 'N Kolar" is descriptive in nature and that the mark has not acquired a secondary meaning. The plaintiff also suggests that prior or concurrent use of a mark by others is not a defense to the validity of a descriptive mark which has acquired a secondary meaning, citing Goodyear Tire & Rubber Co. v. H. Rosenthal Co., 147 U.S.P.Q. 92,

246 F.Supp. 724 (D.Minn.1965); Bavarian Brewing Co., Inc. v. G. Heileman Brewing Co., 107 U.S.P.Q. 245 (Commissioner of Patents, 1955).

The first question that must be decided then is whether the mark "Kuf 'N Kolar" is descriptive in nature. Both parties to this suit manufacture a cleaning liquid which has many uses. The principal use for the products is as a laundry prespotter. Heavily soiled areas on clothing, especially shirts, are dampened and then the cleaner is applied to those areas. After the cleaning liquid is applied to the soiled areas, the garment is washed in the regular manner. The two consumers who testified about their use of the product agreed that the product was used for cuffs and collars of shirts as well as other stained garments.

It is clear to this court that the flexible plastic bottles used for both products and the identical brush top applicators found on both products were designed to facilitate prespotting of cuffs and collars. Since the prespotting of cuffs and collars is a basic and standard use of the "Kuf 'N Kolar" product, and since the mark "Kuf 'N Kolar" (an obvious spelling corruption of the words "cuff and collar") clearly indicates the use of the product for collars and cuffs, this court is lead to the conclusion that the mark "Kuf 'N Kolar" is descriptive. This court is convinced that the mark "Kuf 'N Kolar" describes the main use of the product and that consumers identify the mark with its use as a cuff and collar prespotter. Application of St. Paul Hydraulic Hoist Co., 177 F.2d 214, 37 C.C.P.A. Patents 751 (1949). Descriptiveness must be decided not in the abstract but in relation to the goods upon which the mark is used. Q-Tips, Inc. v. Johnson & Johnson, 108 F.Supp. 845 (D.N.J.1952). With this standard in mind, this court finds that the mark "Kuf 'N Kolar" is not merely suggestive but in fact is descriptive.

The next question that must be decided is whether the mark "Kuf 'N Kolar" acquired a secondary meaning. It is settled law that even though a mark is descriptive, it may be valid and protected from infringement if the mark has acquired a secondary meaning. Land O' Lakes Creameries, Inc. v. Oconomowoc Canning Co., 330 F.2d 667 (7th Cir.1964). A secondary meaning is a special or trade meaning which may attach to a particular mark because its user has expended time and money in the promotion of the mark. Jewel Tea Co., Inc. v. Kraus, 88 F.Supp. 1003 (N. D.Ill.1950). The parties have stipulated that the plaintiff has spent over nine years and over $50,000 in the promotion of the name "Kuf 'N Kolar." It was also stipulated that the plaintiff has received letters from its customers addressed to "Kuf 'N Kolar" instead of Norsan Products, Inc. These facts clearly indicate that some of the plaintiff's customers confuse the product with the producer. This is another significant indication of a secondary meaning. Food Fair Stores, Inc. v. Lakeland Grocery Corp., 301 F.2d 156 (4th Cir. 1962). The plaintiff argues that the registration on the principal register in the Patent Office is prima facie evidence that the mark has acquired a secondary meaning, citing 15 U.S.C.A. § 1057(b); 15 U.S.C.A. § 1115(a); Iowa Farmers Union v. Farmers' Education and Cooperative Union of America, 247 F.2d 809 (8th Cir.1957).

The defendant has introduced no probative evidence that the "Kuf 'N Kolar" mark does not have a secondary meaning. In the light of the stipulation of facts, the record, and the fact that the "Kuf 'N Kolar" mark is listed on the principal register, this court concludes that the plaintiff's mark has acquired a secondary meaning. The "Kuf 'N Kolar" mark is valid.

## Infringement

The defendant's product is marketed in a blue plastic bottle and is labeled "Bonus Cuff & Collar Cleaner." The

defendant has apparently registered the trade name "Bonus," and the defendant suggests that it has marketed over one hundred different products under this "Bonus" name. The plaintiff's product is marketed in a dark blue eight ounce round plastic bottle. The defendant's product is a twelve ounce round plastic bottle which is a shade of blue lighter than plaintiff's "Kuf 'N Kolar." The products have identical red plastic brush tops. The plaintiff introduced testimony of two consumers of "Kuf 'N Kolar" who purchased the defendant's product, thinking it was "Kuf 'N Kolar." One of these witnesses testified that they thought the word "Bonus" on the bottle meant that it was a larger size bottle of "Kuf 'N Kolar." There was evidence introduced that both products are sold through supermarkets and are often displayed together on the shelves.

■ The test to be applied in trademark infringement cases is clearly set out by Chief Judge Hastings in the case of National Van Lines, Inc. v. Dean, 288 F.2d 5, 9 (7th Cir.1961):

> "The ultimate standard in determining whether there is an infringement of a trade-mark 'does not depend upon the use of identical words or design,' but rather 'it is sufficient if one adopts a trade name or a trade-mark so like another in form, spelling, or *sound* that one, with a not very definite or clear recollection as to the real trade-mark, is likely to become confused or misled.' Keller Products v. Rubber Linings Corp., 7 Cir., 1954, 213 F.2d 382, 387, 47 A.L.R.2d 1108; Independent Nail & Packing Co. v. Stronghold Screw Products, 7 Cir., 1953, 205 F.2d 921, 924; Northam Warren Corporation v. Universal Cosmetic Co., 7 Cir., 1927, 18 F.2d 774, 775." (Emphasis added.)

■ This court is convinced that the evidence in the record shows that the purchasing public has confused the defendant's product with "Kuf 'N Kolar" and indeed has purchased the defendant's product thinking it was "Kuf 'N Kolar." The plaintiff's trademark has been infringed.

Even if the three defenses set up by the defendant are not mooted, as plaintiff suggests, they would be by this court's finding that the mark "Kuf 'N Kolar" was descriptive but had acquired a secondary meaning, it is nevertheless clear to this court that the defendant has failed to establish these defenses. The only evidence of prior use of the terms "Cuff and Collar" by the defendant's witness, Mr. Kenneth Varndell, is that he sold twelve dozen bottles of his cleaning product in Chicago in 1956, 1957, or 1958. He testified that he could only be certain that he had his product called "Silent Maid Cuff & Collar Cleaner" on the market sometime in 1958. Varndell also testified that he remembered seeing a product called "Murphy's Laundry Aid—Collars Cuffs" sometime in the summer of 1958. Mr. Francis Ryser, the president of the plaintiff, testified that the Murphy product was seen by him sometime in late September 1958. The evidence presented did not sustain any of the defenses.

The foregoing constitutes this court's findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

Counsel for the plaintiff is requested to prepare an injunction in accordance with the foregoing opinion, submitting it to opposing counsel for approval as to form only.